**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EFREN VALENCIA, | ) NO. CV 19-7228-FMO(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| UNKNOWN, | ) |
| Respondent. | ) |

On August 20, 2019, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody," accompanied by a "Motion for Review and Modification of Sentence" and a "Motion for Appointment of Counsel."  The Court construes the "Petition for Writ, etc." and accompanying "Motion for Review, etc." together as constituting the Petition.

The Petition seeks to challenge a San Luis Obispo Superior Court criminal judgment (Petition, p. 2).  Petitioner previously challenged the same Superior Court judgment in a prior habeas corpus petition filed in this Court.  See Valencia v. Allison, CV 10-5500-GHK(VBK).

On February 23, 2011, this Court entered judgment in <u>Valencia v.</u>
<u>Allison</u>, CV 10-5500-GHK(VBK), dismissing the prior petition with
prejudice as untimely.


     The Court must dismiss the present Petition in accordance with
28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
Effective Death Penalty Act of 1996").  Section 2244(b) requires that
a petitioner seeking to file a "second or successive" habeas petition
first obtain authorization from the Court of Appeals.  <u>See</u> <u>Burton v.</u>
<u>Stewart</u>, 549 U.S. 147, 157 (2007) (where petitioner did not receive
authorization from Court of Appeals before filing second or successive
petition, "the District Court was without jurisdiction to entertain
[the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir.
2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
requires the permission of the court of appeals before 'a second or
successive habeas application under § 2254' may be commenced").  A
petition need not be repetitive to be "second or successive," within
the meaning of 28 U.S.C. section 2244(b).  <u>See, e.g.</u>, <u>Thompson v.</u>
<u>Calderon</u>, 151 F.3d 918, 920-21 (9th Cir.), <u>cert. denied</u>, 524 U.S. 965
(1998); <u>Calbert v. Marshall</u>, 2008 WL 649798, at *2-4 (C.D. Cal.
Mar. 6, 2008).  The dismissal of a habeas petition as untimely
"constitutes an adjudication on the merits that renders future
petitions under § 2254 challenging the same conviction 'second or
successive' petitions under § 2244(b)."  <u>McNabb v. Yates</u>, 576 F.3d
1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet obtained
///
///
///

authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,
this Court cannot entertain the present Petition.  See Burton v.
Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471
Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain
authorization from the Court of Appeals to file a second or successive
petition, "the district court lacks jurisdiction to consider the
petition and should dismiss it.") (citation omitted).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[1]     The Court takes judicial notice of the docket of the
United States Court of Appeals for the Ninth Circuit, available
on the PACER database.  See Mir v. Little Company of Mary Hosp.,
844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice
of court records).  The Ninth Circuit's docket does not show that
any individual named Efren Valencia has obtained any order from
the Ninth Circuit permitting the filing of a second or successive
habeas petition in this Court.

3

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.[2]


LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: August 28, 2019.




/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE


PRESENTED this 22nd day of
August, 2019, by:


/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2]     In light of this disposition, Plaintiff's request for the appointment of counsel is denied.  See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir.), cert. denied, 479 U.S. 867 (1986).